IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-141-BO

| | |
|---|---|
| VON ERVIN LOCKLEAR,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | ORDER |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 25 & 26]. A hearing on this matter was held in Edenton, North Carolina on May 31, 2013. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, this matter is REMANDED for further development of the record.

BACKGROUND

On April 8, 2009, the claimant filed for a period of disability and disability insurance benefits under Title II of the Social Security Act. 42 U.S.C. § 401-433. Mr. Locklear alleged an onset date of October 4, 2005 in his application. On April 9, 2009, the claimant filed an application for supplemental security income (SSI) under Title XVI of the Act. 42 U.S.C. 1381-1383. The claimant's Title II claim was denied initially and upon reconsideration. The claimant's SSI claim was denied initially. A hearing was held before an Administrative Law Judge (ALJ) on September 15, 2010. On March 29, 2012, the Appeals Council denied Mr. Locklear's request for review, rendering the ALJ's decision the final decision of the Commissioner. The plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

1

## MEDICAL HISTORY

On October 5, 2005, the claimant reported to the emergency room complaining of a possible broken right foot. Upon evaluation, it was determined that Mr. Locklear had suffered from a right ankle fracture and that surgical intervention would be needed. Mr. Locklear underwent surgery on his right ankle on October 12, 2005. Following the surgery, Mr. Locklear went through several recovery stages. At first his movement was significantly limited. By April 20, 2006, Mr. Locklear reported that his ankle pain was seventy percent improved. At this time, Dr. Allen noted that Mr. Locklear had reached maximum medical improvement and suffered from a twenty percent partial permanent disability [Tr. 223]. Specifically, Dr. Allen noted that Mr. Locklear would be permanently restricted from working on uneven surfaces and on ladders.

On May 7, 2009, Mr. Locklear saw Dr. Gregory J. Johnson for an eye examination. Dr. Johnson reported that Mr. Locklear was blind in his right eye. Dr. Robert Gardener, a state agency physician, reviewed the evidence and concluded that although Mr. Locklear did suffer from right-eye blindness such blindness did not significantly limit the claimant in functioning or in performing daily activities.

In his decision, ALJ Armstrong found that, based on the claimant's social security earnings record, the claimant's last date insured was March 31, 1996. [Tr. 11]. After determining this to be the date last insured, the ALJ found that the claimant was not disabled at any time prior to that date and, therefore, not entitled to benefits. [Tr. 13-14].

## DISCUSSION

Because the administrative hearing process places the ALJ in a remedial position, and not an adversarial one, he is under a heightened duty to investigate all the material evidence bearing on the claimant's condition. Where there is a coordinate, but not identical, investigation

into the material circumstances of the plaintiff's health and disability, the ALJ should consider such evidence – it is plain error not to do so. *See Joyner v. Astrue*, No: 4:12-CV-18-BO, 2013 WL 310056 (E.D.N.C. Jan. 25, 2013) (discussing the requirement that ALJ's consider the decisions of coordinate state agencies). Similarly, when the ALJ makes a determination as to the claimant's date last insured, he must likewise consider coordinate investigations into the circumstances of plaintiff's past earnings and employment.

Here, it is apparent from the record that the ALJ did not make a sufficient investigation into the claimant's employment history. As evidence of his past employment and earnings the plaintiff has included as an exhibit to his motion for judgment on the pleadings evidence of a workers' compensation settlement agreement between Mr. Locklear and his employer. Apparently this evidence was not reviewed by the ALJ and incorporated into his decision. District courts regularly find good cause for remand where the claimant has submitted relevant and material evidence that was not considered by the ALJ during the initial administrative hearing. *See King v. Califano*, 599 F.2d 597, 598 (4th Cir. 1979). The Court finds that the plaintiff's submission of the workers' compensation settlement agreement constitutes evidence that reasonably could have influenced the ALJ to arrive at a different final decision. *See id.* As such, it is proper to remand this matter for further development of the evidentiary record and a new hearing.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and this matter is REMANDED to the agency for further development of the record and a hearing consistent with this Order. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion

3

Case 7:12-cv-00141-BO   Document 31   Filed 07/16/13   Page 3 of 4

of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for a new hearing.

SO ORDERED.

This 16 day of July, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE